SUMMARY ORDER

Appellant Gina Williams, pro se, appeals from the judgment of the district court (Chin, J.) granting the motion to dismiss of Defendant-Appellee New York City Housing Authority (“NYCHA”) and the motion for judgment on the pleadings of Defendant-Appellee Teamsters Local 237 IBT (“Local 237”), and thereby dismissing Williams’s employment discrimination claims brought under 42 U.S.C. §§ 1981 and 1983 and the New York City Administrative Code. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues raised on appeal.
“We review de novo a district court’s dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiffs favor.” Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir.2002). Similarly, we review de novo a district court’s dismissal pursuant to Fed.R.Civ.P. 12(c). Jasinski v. Barnhart, 341 F.3d 182, 184 (2d Cir.2003).
As a preliminary matter, because Williams does not challenge on appeal the district court’s dismissal of her § 1981 claims, they are deemed abandoned. Lo- *110 Saco v. City of Middletown, 71 F.3d 88, 92 (2d Cir.1995).
To establish a constitutional violation under § 1983, a plaintiff must show that (1) the defendant acted under color of state law; and (2) the defendant's actions resulted in a deprivation of the plaintiff's constitutional rights. Washington v. County of Rockland, 373 F.3d 310, 315 (2d Cir.2004). Here, although the NYCHA is clearly a state actor, Local 237 is not. And because Williams has not sufficiently alleged the existence of a conspiracy between the union and the NYCHA, she has failed to establish state action and her § 1983 claim against Local 237 must fail. See Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir.2002).
Williams's § 1983 claim against the NY-CHA alleges deprivation of her constitutional right to equal protection of the laws.[1] To recover under § 1983 for a deprivation of equal protection rights-whether stemming from gender-based discrimination or from retaliation for complaining about discrimination-a plaintiff must first establish a prima facie case of such disparate treatment. See Demoret v. Zegarelli, 451 F.3d 140, 151 (2d Cir.2006). A prima facie case consists of, inter alia, a showing that the plaintiff suffered an adverse employment action, i.e., "a materially adverse change in the terms and conditions of her employment." Galabya v. N.Y City Bd. of Educ., 202 F.3d 636, 640 (2d Cir.2000) (internal quotation marks omitted.)
Neither NYCHA's denial of Williams's request for a leave of absence, nor its deduction of a small amount from her salary, nor its issuance of two counseling memoranda constituted an adverse employment action. See Weeks v. N.Y. State (Div. of Parole), 273 F.3d 76, 86 (2d Cir.2001), abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 108-14, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); see also Galabya, 202 F.3d at 641 (noting that the alleged adverse action must result in a "change in responsibilities so significant as to constitute a setback to plaintiff's career").
We therefore conclude that the district court correctly dismissed Williams's § 1983 claim against the NYCHA, and, because discrimination and retaliation claims under the New York City Administrative Code are evaluated under the same framework as Title VII actions, we conclude that the court also properly dismissed her claims under New York City law. See Cruz v. Coach Stores, Inc., 202 F.3d 560, 565 n. 1 (2d Ctr.2000).
We have considered Williams's remaining contentions and conclude that they are without merit.
For the foregoing reasons, the judgment of the district court is AFFIRMED.

. We deem waived Williams's § 1983 claim alleging deprivation of due process, given that Williams has not raised it in her appellate *111 brief. Design Strategy, Inc. v. Davis, 469 F.3d 284, 300 (2d Cir.2006).