SUMMARY ORDER

Appellant Kathleen Wells, pro se, appeals the district court’s grant of the Defendant’s motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, upholding the denial by the Commissioner of Social Security of Well’s application for supplemental security income based on her alleged disability. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
We review district court orders granting motions to dismiss pursuant to Fed. R.Civ.P. 12(c) de novo, Jasinski v. Barnhart, 341 F.3d 182, 184 (2d Cir.2003), and when reviewing determinations made by the Commissioner, we conduct a plenary review of the administrative record, see Schaal v. Apfel, 134 F.3d 496, 500-01 (2d Cir.1998) (noting focus of review is the administrative ruling, not the district court’s decision). Moreover, we may only set aside the Commissioner’s decision if the factual findings are not supported by substantial evidence, or if incorrect legal standards were applied. See Burgess v. Astrue, 537 F.3d 117, 127 (2d Cir.2008). A determination is supported by substantial evidence if the record contains “such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.” Jasinski, 341 F.3d at 184 (internal quotation marks omitted).
Disability is defined by the Social Security Act, in relevant part, as the “inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.” 42 U.S.C. § 423(d)(1)(A). An individual can be found disabled under the Act “only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.” 42 U.S.C. § 423(d)(2)(A). The claimant bears the burden of proving that he suffers from a disability and that his impairment prevents him from returning to his prior employment. See Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir.1998).
The Social Security regulations set forth a five-step sequential evaluation for adjudicating claims for disability insurance and supplemental security income. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).
In the course of the evaluation, the SSA first considers whether a claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). If not, the SSA considers whether the claimant has a “severe impairment” that limits the claimant’s mental or physical ability to do basic work activities. Id. § 416.920(c). If the claimant has a “severe impairment,” the SSA then determines whether the impairment meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. 41.920(d). If the claimant has a listed impairment (or one that *66 is “equal to” a listed impairment), the SSA will presume the claimant to be disabled. If the claimant does not have a listed impairment, the SSA must determine whether the claimant has the “residual functional capacity” to perform his or her past relevant work despite a severe impairment. Id. § 416.920(e). Finally, if the claimant cannot perform past relevant work, the Commissioner determines whether the claimant can do other work, in light of the claimant’s residual functional capacity, as well as his or her age, education and past work experience.
Kamerling v. Massanari, 295 F.3d 206, 209 n. 3 (2d Cir.2002) (citing Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir.1998)). The claimant bears the burden of proving the first four elements and the Commissioner bears the burden on the fifth element. See Rivera v. Schweiker, 717 F.2d 719, 722-23 (2d Cir.1983).
Here, the record reveals that, in determining that Wells was not disabled, the Administrative Law Judge (“ALJ”) applied the correct legal standard and that determination was supported by substantial evidence. Wells has not engaged in substantial gainful employment since August 15, 2004, and while Wells did suffer from a severe impairment — namely, asthma and reactive airway disease secondary to environmental allergens — this was not a type of impairment listed in or equal to one listed in 20 C.F.R. Part 404, Subpart P, App. 1. In addition, Dr. Melik’s clinical assessment of Wells’s medical records and the results of Dr. Kim’s spirometry test showed that Wells was capable of performing a wide range of sedentary activity, and, given an assessment of her age, education, and functional capacity, the ALJ properly determined that she was not “disabled” within the meaning of the Social Security Act. See 42 U.S.C. § 423(d)(2)(A). Accordingly, the ALJ’s decision was supported by substantial evidence. See Jasinski, 341 F.3d at 184.
Wells’s claim of error regarding the ALJ’s decision not to give controlling weight to the assessments of Dr. Golden-Granado or Dr. Johanning is unavailing, since neither of those assessments were based on discernible clinical techniques, and, importantly, they were inconsistent with other substantial evidence, including the doctors’ own evaluations of Wells’s medical condition. See 20 C.F.R. § 416.927(d)(2). Indeed, Dr. Golden-Granado concluded that Wells was incapacitated, despite the fact that her lungs were clear and she exhibited no signs of sustained wheezing. Moreover, that Dr. Golden-Granado determined that Wells was “disabled” was not determinative in the ALJ’s assessment of Wells’s eligibility for supplemental security income. See 20 C.F.R. § 416.927(e)(1) (the ALJ is responsible for determining whether a claimant is “disabled” under the Act, and need not credit a physician’s determination to this effect).
Finally, that Dr. Melik never examined Wells does not mean that the ALJ erred by relying on his assessment of her functional capacity. See 20 C.F.R. § 416.927(f) (mandating that the ALJ consider opinion evidence of non-examining sources under the same factors as those applicable to examining sources, but generally affording greater weight to a treating physician’s assessment). Here, the ALJ properly relied on Dr. Melik’s assessment, given that he relied on the medical reports in the record, his assessment was consistent with those reports, including Dr. Kim’s evaluation, and it was based on Dr. Melik’s experience treating patients who suffered from mold exposure. See 20 C.F.R. § 416.927(a)-(e).
*67 We have considered all of Wells’s remaining claims of error and found them to be without merit. Accordingly, there is no basis on which to reverse the judgment of the district court.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.