09-0904-cv
Behling v. Commissioner of Social Security

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of March, two thousand ten.

PRESENT: PIERRE N. LEVAL,
         ROBERT D. SACK,
         RICHARD C. WESLEY,
                  *Circuit Judges.*

---

BETTY BEHLING,

                  *Plaintiff-Appellant,*

         -v.-                                    09-0904-cv

COMMISSIONER OF SOCIAL SECURITY,

                  *Defendant-Appellee.*

---

FOR APPELLANT:     BETTY BEHLING, *pro se*, North Babylon, New York.

FOR APPELLEE:      DIANE C. LEONARDO-BECKMANN, Assistant United States Attorney (Varuni Nelson, Kathleen A. Mahoney, Assistant United States Attorneys, *on the brief*), *for* Benton J. Campbell, United States Attorney for the Eastern District of New York, Central Islip, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Bianco, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Eastern District of New York be **AFFIRMED**.

Appellant Betty Behling appeals from the February 9, 2009 judgment of the United States District Court for the Eastern District of New York (Bianco, *J.*), granting appellee's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

Appellee, the Commissioner of Social Security, determined that appellant was not entitled to disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* (the "Act"). This determination was made in light of the fact that appellant failed to demonstrate that she was disabled within the meaning of the Act prior to December 31, 2003, the date on which appellant was last insured. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In conducting our review of "a disability benefits determination, our focus is not so much on the district court's ruling as it is on the administrative ruling."

2

*Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003) (internal quotation marks omitted). We engage in "a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision" and to determine "if the correct legal standards have been applied." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (internal quotation marks omitted). We review the district court's decision to grant judgment on the pleadings *de novo* but defer to the Commissioner's resolution of any conflicting evidence in the record. *See Clark v. Comm'r of Social Sec.*, 143 F.3d 115, 118 (2d Cir. 1998).

The Social Security regulations set forth a five-step sequential analysis for evaluating disability claims. 20 C.F.R. § 404.1520; *see Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). In this case, the Administrative Law Judge ("ALJ") determined that appellant retained the residual functional capacity to perform light work and that she could return to her past relevant type of work. *See* 20 C.F.R. § 404.1520(a)(4)(iv); *see also Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004) (per curiam). Substantial evidence supports the ALJ's determination that

appellant did not suffer from a disability, as that term is defined in the Social Security Act, prior to the date on which she was last insured. *See* 20 C.F.R. § 404.1520(f).

While it is true that "subjective evidence of pain or disability testified to by the claimant" is relevant in evaluating a claim for disability insurance, *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999), appellant's subjective complaints alone are not a basis for an award of disability insurance benefits in the absence of corroborating objective medical evidence. *See* 20 C.F.R. § 404.1529; *Poupore v. Astrue*, 566 F.3d 303, 307 (2d Cir. 2009) (per curiam).

Appellant asks this Court to consider her current condition, which she alleges is deteriorating. However, appellant was required to demonstrate that she was disabled as of the date on which she was last insured. 42 U.S.C. § 423(a)(1)(A); *see Arnone v. Bowen*, 882 F.2d 34, 37 (2d Cir. 1989). Any new impairments are not relevant to our disposition of appellant's present appeal.

We have considered appellant's remaining arguments and find them to be without merit. Therefore, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk