10-3454-cv
Forness v. Comm'r of Soc. Sec.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of May, two thousand eleven.

PRESENT: REENA RAGGI,
　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　J. CLIFFORD WALLACE,[*]
　　　　　　　　*Circuit Judges*.

------------------------------------------------------------

RODNEY J. FORNESS,
　　　　　　*Plaintiff-Appellant*,

　　　　　　v.　　　　　　　　　　　　　　　　10-3454-cv

COMMISSIONER OF SOCIAL SECURITY,
　　　　　　*Defendant-Appellee*.

------------------------------------------------------------

FOR APPELLANT:　　　　Rodney J. Forness, *pro se*, Salamanca, New York.

APPEARING FOR APPELLEE:　CHRISTOPHER J. BRACKETT, Special Assistant United States Attorney (Stephen P. Conte, Regional Chief Counsel, Social Security Administration, *on the brief*), *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

---

[*] Circuit Judge J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

Appeal from a judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 10, 2010, is AFFIRMED.

Pro se plaintiff Rodney J. Forness appeals from a judgment on the pleadings in favor of the Commissioner of Social Security ("Commissioner") and from the denial of Forness's cross-motion for judgment on the pleadings. See Fed. R. Civ. P. 12(c). We review de novo a district court's Rule 12(c) dismissal. See Jasinski v. Barnhart, 341 F.3d 182, 184 (2d Cir. 2003). We conduct a plenary review of the administrative record of the Commissioner's disability benefits determination, which we will uphold if substantial evidence supports the decision and if the correct legal standards have been applied. See Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008); see also Jasinski v. Barnhart, 341 F.3d at 184 ("Substantial evidence is . . . such relevant evidence as reasonable mind[s] might accept as adequate to support a conclusion." (internal quotation marks omitted)). In applying these standards here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Forness challenges the Administrative Law Judge's ("ALJ") step-three determination, arguing that his diagnoses of lumbar spondylosis and myofascial pain were sufficiently severe to meet or medically equal one of the listed musculoskeletal impairments as evidenced by his need for physical therapy. See 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04; id.

2

§§ 404.1520, 416.920. Because Forness forfeited this argument by failing to raise it before the district court, we need not consider it. See, e.g., Kendall v. Emps. Ret. Plan of Avon Prods., 561 F.3d 112, 123 (2d Cir. 2009). In any event, after de novo review, we conclude that substantial evidence supports the ALJ's step-three determination, including reports by treating physicians Mutty and Hatam showing that Forness could lift and carry up to 50 pounds, and unremarkable or mild diagnostic and clinical findings during the relevant period. Moreover, occupational therapist Linda Randall's October 1996 statement that Forness had previously been diagnosed with nerve root damage was inaccurate.

In urging otherwise, Forness relies on (1) an April 1995 "MRI," which is actually an x-ray report, that he contends the ALJ never considered; (2) Dr. Hershey's diagnosis of lumbar spondylosis; and (3) a purported diagnosis of fibromyalgia by Dr. Mutty. We are not persuaded. Contrary to Forness's contention, the record demonstrates that the ALJ considered the April 1995 x-ray report, noting that it showed only mild degenerative disc disease. Although Forness asserts that the district court discredited Dr. Hershey's diagnoses because she did not perform a Functional Capacity Evaluation, the district court's opinion contains no such statement. Moreover, the record shows that Dr. Mutty did not diagnose Forness with fibromyalgia. Rather, Dr. Mutty indicated that Forness's history of back pain complaints had been and could be classified as fibrositis. In any event, Dr. Mutty's own examination revealed no obvious deformities and moderate physical limitations. Accordingly, we reject Forness's challenge to the ALJ's step-three determination as without merit.

3

Forness also challenges the ALJ's step-four determination that he had the residual functional capacity ("RFC") to perform medium or light work because he purportedly could not seek employment until he completed a recommended one-year physical therapy course. We disagree. For the reasons thoroughly stated by the district court, the ALJ's RFC determination was supported by substantial evidence. Moreover, the record demonstrates that Forness refused physical therapy and was not committed to rehabilitation. As a result, we reject Forness's challenge to the ALJ's step-four decision as without merit.

Finally, Forness's allegation that Dr. Daly committed perjury in concluding that Forness had no physical limitations is baseless. Dr. Daly's report was supported by his documented examination findings, which were mostly unremarkable and included a negative straight leg test, full motor strength, and full range of motion.

We have considered Forness's other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the district court's judgment.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4