11-2907-cv
Brogan-Dawley v. Astrue

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of June, two thousand twelve.

PRESENT: JON O. NEWMAN,
RAYMOND J. LOHIER, JR.,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

------------------------------------------------------------------

LINDA BROGAN-DAWLEY,
*Plaintiff-Appellant*,

v. No. 11-2907-cv

MICHAEL J. ASTRUE, COMMISSIONER OF
SOCIAL SECURITY,
*Defendant-Appellee.*

------------------------------------------------------------------

FOR APPELLANT: HOWARD D. OLINSKY, Olinsky Law Group, Syracuse, NY.

FOR APPELLEE: PETER JEWETT, Special Assistant United States Attorney (Mary Ann Sloan, Acting Regional Chief Counsel, Office of the General Counsel, Social Security Administration, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, New York, NY.

Appeal from the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Linda Brogan-Dawley appeals from a judgment of the United States District Court for the Northern District of New York (Sharpe, J.) entered on May 9, 2011, which affirmed the decision of the Commissioner of the Social Security Administration finding that Brogan-Dawley was not disabled and thus was ineligible for disability insurance benefits under the Social Security Act. See 42 U.S.C. § 423(d). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

In reviewing the District Court's decision, "we review the administrative record de novo to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." Zabala v. Astrue, 595 F.3d 402, 408 (2d Cir. 2010) (quotation marks omitted). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted).

Here, to qualify for disability insurance benefits, Brogan-Dawley must have been disabled within the meaning of the Social Security Act between December 1, 2002, the alleged onset of her disability, and June 30, 2004, the date she was last insured. See Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008). On appeal, Brogan-Dawley contends

2

that the Administrative Law Judge ("ALJ") erred by failing to find that her obesity, arthritis, herniated discs, and diabetes were severe impairments. We reject these arguments substantially for the reasons stated by the District Court. The evidence showed that Brogan-Dawley's impairments predated or postdated the relevant period or did not "significantly limit[] her physical or mental ability to do basic work activities." Jasinski v. Barnhart, 341 F.3d 182, 183 (2d Cir. 2003).

Brogan-Dawley also argues that the ALJ violated the "treating physician rule" by declining to give her treating physician's medical assessment controlling weight without explaining what weight it merited under the factors then listed under 20 C.F.R. § 404.1527(d). See Burgess v. Astrue, 537 F.3d 117, 128-30 (2d Cir. 2008). Having conducted an independent review of the record, we conclude that the ALJ properly declined to give controlling weight to the medical assessment of her treating physician, Dr. Sullivan. First, "[a]lthough the treating physician rule generally requires deference to the medical opinion of a claimant's treating physician, [this] opinion . . . is not afforded controlling weight where, as here, the treating physician issued opinions that are not consistent with other substantial evidence in the record." Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004) (per curiam) (citation omitted). Second, the ALJ evaluated Dr. Sullivan's medical opinions in detail and "provide[d] good reasons for discounting them." Zabala, 595 F.3d at 409. Even if the ALJ failed to explain the weight given to those opinions, agency reconsideration would be unnecessary because "application of the correct legal principles to the record could lead [only to the same] conclusion." Id. (alteration in original) (quotation mark omitted).

Nor did the ALJ need to develop the record further and recontact Dr. Sullivan. The ALJ was required to do so only if the records received were "inadequate . . . to determine whether [Brogan-Dawley was] disabled," which was not the case here. Perez v. Chater, 77 F.3d 41, 47 (2d Cir. 1996); see 20 C.F.R. § 404.1512(e) (2007).

We also reject Brogan-Dawley's challenge to the ALJ's assessment of her residual functional capacity, as corrected by the Appeals Council, pursuant to 20 C.F.R. § 404.1545. See Perez, 77 F.3d at 44; 20 C.F.R. § 404.981. There was substantial evidence to support the Appeals Council's determination that, during the relevant time period, Brogan-Dawley "could perform [her] past relevant work as a sporting store manager as it is generally performed in the national economy."

We have considered Brogan-Dawley's remaining arguments and find them to be without merit or moot. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4