11-2383-cv
*Lohnas v. Astrue*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand thirteen.

PRESENT:

> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

---

DARLENE M. LOHNAS,

> *Plaintiff-Appellant*,

> v.                                                                No. 11-2383-cv

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

> *Defendant-Appellee.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Darlene M. Lohnas, *pro se*, Lockport, N.Y. |
| **FOR DEFENDANT-APPELLEE:** | Benil Abraham, Stephen P. Conte, *for* William J. Hochul, Jr., United States Attorney, United States Attorney's Office for the Western District of New York. |

Appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's March 31, 2011 Decision and Order is **AFFIRMED**.

Darlene M. Lohnas appeals from the District Court's dismissal of her complaint, which seeks review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner previously had denied her application for disability insurance benefits. We assume the parties' familiarity with the underlying facts and procedural history of the case, as well as the issues on appeal.

## DISCUSSION

This Court reviews *de novo* orders granting motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003). When reviewing determinations made by the Commissioner, this Court conducts a "plenary review of the administrative record." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (internal quotation marks and citations omitted). This Court may set aside the Commissioner's decision only if the factual findings are not supported by substantial evidence, or if incorrect legal standards were applied. *See, e.g.*, *id.* at 127.

Under the Social Security Act, a "disability" is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether an individual is disabled, the Social Security Administration Commission created a five-step sequential evaluation process. 20 C.F.R. § 404.1520. The analysis proceeds as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the

2

claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

*Rivera v. Schweiker*, 717 F.2d 719, 722 (2d Cir. 1983) (quoting *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982)). The claimant bears the burden of proving the first four elements, and, with regard to the fifth element, there is a limited burden shift to the Commissioner only to show "that there is work in the national economy that the claimant can do . . . ." *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) (citing 20 C.F.R. § 404.1560(c)(2)).

Having conducted a careful and plenary review of the administrative record, we conclude that the Commissioner's decision was supported by substantial evidence in the record, and we affirm the judgment of the District Court substantially for the reasons stated in its comprehensive and well-reasoned decision.[1] With regard to Lohnas's argument that the Administrative Law Judge ("ALJ") failed to consider the evidence or standards underlying the determination of disability by the Department of Veterans Affairs, we note simply that, although a determination made by another governmental agency that a social security claimant is disabled is entitled to "some weight and should be considered," that determination is not binding. *See Cutler v. Weinberger*, 516 F.2d 1282, 1286 (2d Cir. 1975). Here, the ALJ did acknowledge the Department of Veterans Affairs' determination of disability. Because the Commissioner is not bound by another agency's disability determination, and because the Commissioner's decision was supported by substantial evidence, any alleged failure by the ALJ to consider fully the disability determination by the Department of Veterans Affairs does not affect our decision to affirm.

## CONCLUSION

We have considered all of Lohnas's arguments on appeal and find them to be without merit. Accordingly, the District Court's March 31, 2011 Decision and Order is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] In affirming the District Court's judgment, we note that because this Court generally does not review arguments raised for the first time on appeal, *see Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976), we only consider Lohnas's arguments raised below, including that (1) the ALJ erred by finding that her depression was not severe, and (2) that the ALJ failed to consider the evidence or standards underlying the determination of disability by the Department of Veterans Affairs.