**Suzanne L. JASINSKI, Plaintiff–Appellant,**

**v.**

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.**

**Docket No. 02–6268.**

United States Court of Appeals, Second Circuit.

Argued May 6, 2003.

Decided Aug. 14, 2003.

Kenneth R. Hiller, Amherst, NY, for Appellant.

Sybil L. Burnett, Assistant Regional Counsel (Lisa De Soto, General Counsel,

Barbara L. Spivak, Chief Counsel, on the brief), Social Security Administration, New York, N.Y. for Appellee.

Before: WALKER, Chief Judge, CARDAMONE and SOTOMAYOR, Circuit Judges.

JOHN M. WALKER, Jr., Chief Judge.

Plaintiff-appellant Suzanne Jasinski brought this action seeking reversal of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for Social Security disability insurance benefits. Jasinski claims that in her administrative hearing, the administrative law judge ("ALJ") relied upon testimony by a vocational expert that conflicted with the Dictionary of Occupational Titles ("the Dictionary"), an official publication of the Department of Labor. We write to clarify what constitutes a "conflict" and therefore requires legal resolution, and to explain that, in certain circumstances, an ALJ may rely on an expert's opinion, notwithstanding a conflict with the Dictionary, when the opinion is adequately supported by the evidence.

## I. BACKGROUND

Jasinski claims that she became disabled due to an accident in 1999, which caused neck and back injuries and limited her ability to work. On October 19, 2000, the ALJ denied her benefits claim. To determine whether a claimant is disabled, the Social Security Administration must undertake a five-step evaluation:

First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. Where the claimant is not, the Commissioner next considers whether the claimant has a "severe impairment" that significantly limits her physical or mental ability to do basic work activities. If the

claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment that is listed in 20 C.F.R. pt. 404, subpt. P, app. 1.... Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work. Finally, if the claimant is unable to perform her past work, the burden then shifts to the Commissioner to determine whether there is other work which the claimant could perform.

*Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir.1999) (footnote omitted); *see also* 20 C.F.R. § 404.1520. Applying the fourth inquiry of this test, the ALJ found that Jasinski was not disabled because her impairment did not prevent her from doing her past relevant work as a teacher's aide. The ALJ relied primarily on the examinations of five doctors and the testimony of Timothy Janikowski, an impartial vocational expert. The expert testified that the teacher's aide position was "light exertion" according to the Dictionary, but explained that "[Jasinski] described it being between sedentary and light." He concluded that her work as a teacher's aide at Sacred Heart Catholic School was "between [ ] sedentary and light exertion."

The Appeals Council of the Social Security Administration denied Jasinski's request for review on March 1, 2001, making the ALJ's decision final. Pursuant to 42 U.S.C. § 405(g), the district court reviewed the ALJ's order and granted the Commissioner's motion for judgment on the pleadings under Fed.R.Civ.P. 12(c). The district court held that substantial evidence supported the ALJ's decision that Jasinski retained the functional capacity to perform her past relevant work as a teacher's aide, *see Jasinski v. Barnhart,* No. 01 Civ. 226S (W.D.N.Y. Aug. 27, 2002). Jasinski appeals from that decision.

## II. DISCUSSION

■ We review a district court's judgment on the pleadings *de novo. Williams v. Apfel,* 204 F.3d 48, 49 (2d Cir.1999). When reviewing a disability benefits determination, "our focus is not so much on the district court's ruling as it is on the administrative ruling." *Id.* (internal quotation marks and citations omitted). We may reverse the administrative determination only if it is not supported by substantial evidence, based upon the entire administrative record. *Brown v. Apfel,* 174 F.3d 59, 62 (2d Cir.1999) (per curiam). Substantial evidence is "more than a mere scintilla," and is "such relevant evidence as reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (internal citations and quotation marks omitted).

Jasinski argues that the testimony of Timothy Janikowski, the vocational expert, in categorizing the teacher's aide position as "between sedentary and light" exertion, conflicted with the Dictionary, which categorizes it as "light" exertion. Accordingly, she contends that the ALJ should have inquired into the conflict and should have either deferred to the Dictionary or explained why she was adopting the expert's testimony over the Dictionary's definition.

We find that there was no actual conflict for the purposes of this legal question. Other circuits have found that the expert and the Dictionary conflict where they disagreed in categorizing or describing the requirements of a job as it is performed in the national economy. *See, e.g., Donahue v. Barnhart,* 279 F.3d 441, 445 (7th Cir. 2002); *Carey v. Apfel,* 230 F.3d 131, 145–46 (5th Cir.2000); *Haddock v. Apfel,* 196 F.3d 1084, 1087, 1091 (10th Cir.1999);

*Jones v. Apfel,* 190 F.3d 1224, 1229–30 (11th Cir.1999); *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995); *Conn v. Sec'y of Health and Human Servs.,* 51 F.3d 607, 610 (6th Cir.1995); *Smith v. Shalala,* 46 F.3d 45, 47 (8th Cir.1995).

However, we know of no circuits that have found a "conflict" in a discrepancy between, on the one hand, the expert's description of the job that the claimant actually performed, and the Dictionary's description of the job as it is performed in the national economy. We have held that in the fourth stage of the SSI inquiry, the claimant has the burden to show an inability to return to her previous specific job *and* an inability to perform her past relevant work generally. *See Jock v. Harris,* 651 F.2d 133, 135 (2d Cir.1981); *see also* SSR 82–62, 1982 WL 31386, at *3 (Past relevant work in the fourth stage of the inquiry includes "the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy."). This inquiry requires separate evaluations of the previous specific job and the job as it is generally performed. Whereas the Dictionary describes jobs as they are generally performed, an expert is often called upon to explain the requirements of particular jobs, and as such, his deviations from the Dictionary in such testimony do not actually "conflict" with the Dictionary. Many specific jobs differ from those jobs as they are generally performed, and the expert may identify those unique aspects without contradicting the Dictionary.

■ In this case, the expert testified about Jasinski's past work as a teacher's aide at Sacred Heart Catholic School. The ALJ asked specifically about that job, and the expert responded: "Teacher's aide is DOT number 249.367–074, and that's light exertion, semi-skilled employment, and she described it being between sedentary to light. She indicated she may need to pick up a child, but that was on occasion. So I would ... put it in between the sedentary and light exertion [categories]." The ALJ later asked whether Jasinski was able "to do any of her past relevant work," and the expert replied that "the teacher's aide work would ... be allowed, with the exception that she would not be able to pick up a child. But that sounded like it was based on her discretion, and it's not generally something that she was required to do." Again, the expert answered on the basis of Jasinski's description of her work as a Sacred Heart Catholic teacher's aide, and not on the basis of the job's requirements as it is performed nationally. Therefore, we find that the expert's testimony did not conflict with the Dictionary.

Furthermore, we have serious doubts about Jasinski's argument concerning the steps we should take upon review if there were an actual conflict between the Dictionary and the vocational expert. Jasinski cites *Mimms v. Heckler,* 750 F.2d 180, 186 (2d Cir.1984), for the proposition that when the vocational expert's testimony conflicts with the Dictionary's description, the expert's testimony does not constitute substantial evidence to support a finding that jobs are available. Two other circuits have similarly construed *Mimms.* *See Burns v. Barnhart,* 312 F.3d 113, 127 n. 8 (3d Cir.2002); *Haddock,* 196 F.3d at 1091. However, *Mimms* did not create such a *per se* rule. In *Mimms,* the "expert opined that ... [the claimant] could transfer his existing skills to sedentary, semi-skilled positions" and then proceeded to list, without explanation, four jobs that the claimant could perform, all of which the Dictionary classified as light work. *Mimms,* 750 F.2d at 186. The unexplained and direct contradiction of the Dictionary reflected a careless mistake, and thus, a remand was appropriate in *Mimms*

not simply because there was a discrepancy, but because any decision based on assuming the four listed jobs were sedentary jobs was not based on substantial evidence.

We have reviewed Jasinski's remaining contentions and find them to be without merit.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's granting of the Commissioner's motion for summary judgment.