Jeanine MALONE, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner, Social Security Administration, Defendant–Appellee.

No. 04–5578–CV.

United States Court of Appeals, Second Circuit.

June 7, 2005.

Jeanine Malone, Babylon, NY, for Appellant, pro se.

Denise McGinn, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York; Varuni Nelson, Kathleen A. Mahoney, Assistant United States Attorneys), Brooklyn, NY, for Appellee, of counsel.

---

PRESENT: MINER, SACK, Circuit Judges, and SPATT,* District Judge.

## SUMMARY ORDER

Plaintiff-appellant Jeanine Malone, *pro se*, appeals from an April 16, 2004, judgment of the district court granting the defendant-appellee Social Security Commissioner's (the "Commissioner") motion for judgment on the pleadings, and dismissing the plaintiff's complaint, which sought review of an Administrative Law Judge's ("ALJ") decision denying Malone disability insurance benefits under the Social Security Act (the "Act").

We review the Commissioner's decision for substantial evidence. *See Jasinski v. Barnhart,* 341 F.3d 182, 183 (2d Cir.2003). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).

"Disability" is defined by the Act, in relevant part, as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period *of not less than 12 months.*" 42 U.S.C. § 423(d)(1)(A) (emphasis supplied). An individual can be found disabled under the Act "only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other

---

* Of the United States District Court for the Eastern District of New York, sitting by desig-

nation.

kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A). The claimant bears the burden of proving that she suffers from a disability and that her impairment prevents her from returning to her prior employment. *See Balsamo v. Chater,* 142 F.3d 75, 79–80 (2d Cir.1998).

■ Reviewing the record, we conclude that substantial evidence supports the ALJ's finding that Malone was not entitled to disability benefits because the medical evidence in the record demonstrated that Malone "was capable of at least sedentary and probably light work, within less than 12 months after her alleged onset date and after her motor vehicle accident." ALJ Decision at 4. Malone's past work was in fact sedentary in nature, and therefore she failed to establish that she was unable to return to her past work due to the impairment. In reaching his determination, the ALJ also considered Malone's testimony regarding her pain and other limitations, but properly concluded that Malone's allegations were not credible, as they were not supported by the "objective medical evidence" and "in fact were substantially contradicted by the opinions and assessments of treating specialists." *Id.* at 4.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.