Fernando **RODRIGUEZ,**
Plaintiff–Appellant,

v.

Jo Anne **BARNHART,** Defendant–
Appellee.

No. 04–5570–CV.

United States Court of Appeals,
Second Circuit.

Dec. 23, 2005.

Fernando Rodriguez, New York, NY, for Appellant, pro se.

Lorraine S. Novinski, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Sarah S. Normand, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI, Circuit Judges, and Hon. JED S. RAKOFF, District Judge.*

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 23rd day of December, two thousand and five.

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-appellant Fernando Rodriguez, *pro se*, appeals from an August 25, 2004, judgment of the United States District Court for the Southern District of New York (Robert W. Sweet, *Judge* ) granting a motion for judgment on the pleadings by the defendant-appellee Social Security Commissioner (the "Commissioner"). The plaintiff has sought review of a decision by an Administrative Law Judge ("ALJ") denying him social security disability benefits and supplemental security income benefits based on a finding that he had not been disabled at any time through June 29, 2000, the day the ALJ rendered its decision. We assume the parties' familiarity with the facts and procedural background of this case.

We review a district court's judgment on the pleadings *de novo*, but in a disability benefits case, we focus on the administrative ruling, which we review for substantial

evidence. *See Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir.2003). Substantial evidence is " 'such relevant evidence as [a] reasonable mind might accept as adequate to support a conclusion.' " *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)).

Under the Social Security Act (the "Act"), "disability" is defined, in relevant part, as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual can be found disabled under the Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A). Claimants bear the burden of proving that they suffer from a disability that prevents them from returning to their prior employment. *See Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir.1998).

Reviewing the record, we conclude that substantial evidence supports the ALJ's finding that Rodriguez was not entitled to disability benefits for the period up to June 26, 2000. Evidence in the record demonstrated that, even if Rodriguez were unable to perform any of his past jobs, and even if he were limited to sedentary work, there are a significant number of sedentary jobs that an individual with his limita-

---

* The Hon. Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

tions would be able to perform. In reaching this determination, the ALJ relied on medical evidence showing that Rodriguez was able to perform the mental requirements of simple, routine work performed in a low-stress environment and not requiring significant interpersonal interaction. The ALJ also considered Rodriguez's testimony regarding his pain and other limitations but properly concluded that Rodriguez's allegations were not supported by the "objective medical evidence."[1]

We have carefully considered Rodriguez's other arguments and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.

---

1. At oral argument, the Commissioner represented that the ALJ's ruling only disposes of Rodriguez's claim for benefits through June 29, 2000 and that Rodriguez is free to file a new disability claim. The new claim could be based on updated medical and vocational evidence and could entitle him to retroactive benefits pursuant to applicable statutes and regulations.

