### Edward HANCOCK, Plaintiff–Appellant,

### v.

### Jo Anne B. BARNHART, Defendant–Appellee.

### No. 06–1621–cv.

United States Court of Appeals, Second Circuit.

Jan. 30, 2009.

Edward Hancock, Brooklyn, N.Y., Pro Se.

John M. Kelly, Assistant United States Attorney, (Varuni Nelson and Kathleen A. Mahoney, Assistant United States Attorneys, on the brief) for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, N.Y., for Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Edward Hancock appeals from an order granting the motion for judgment on the pleadings made by

Defendant–Appellee, Commissioner of Social Security ("Commissioner"), upholding the Commissioner's decision denying Hancock's claim for disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 423 et seq. We assume the parties' familiarity as to the facts, procedural history, and issues raised on appeal.

Plaintiff argues, primarily, that the ALJ erred in crediting the testimony of Dr. Gerald Greenberg, a medical expert, over that of Mr. Hancock's treating physicians and erred in disregarding a vocational expert's statement that Plaintiff could not perform his previous work. We review the District Court's judgment on the pleadings de novo. *Jasinski v. Barnhart,* 341 F.3d 182, 184 (2d Cir.2003). We may, however, set aside the Commissioner's determinations only if they are not supported by substantial evidence or otherwise are based on incorrect legal standards. *See Bubnis v. Apfel,* 150 F.3d 177, 181 (2d Cir.1998).

The Commissioner's decision that Plaintiff can perform his previous work is supported by substantial evidence. Several doctor's opinions as to Plaintiff's residual functional capacity support the ALJ's finding. The ALJ was permitted to credit other physicians' opinions over the opinion of Dr. Sureka and the opinion expressed in Dr. Mittal's first evaluation where, as here, the treating physicians lacked objective medical evidence supporting their opinions, *see* 20 C.F.R. § 404.1527(d)(2); *see also Schisler v. Sullivan,* 3 F.3d 563, 568 (2d Cir.1993), and "the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts," *Halloran v. Barnhart,* 362 F.3d 28, 32 (2d Cir.2004). Additionally, the Commissioner did not err in disregarding the vocational expert's opinion. The vocational expert did not testify that Plaintiff could not perform his previous work but rather offered an opinion about a hypothetical person with particular residual function.

We have considered all of Plaintiffs' arguments and have found them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.