SUMMARY ORDER

Appellant Patrick Gennardo, pro se, appeals the district court’s grant of the Defendant’s motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, upholding the denial by the Commissioner of Social Security of Gennardo’s application for disability insurance benefits. We assume the parties’ familiarity with the underlying facts, the procedural history of the ease, and the issues on appeal.
We review district court orders granting motions to dismiss pursuant to Fed. R.Civ.P. 12(c) de novo, see Jasinski v. Barnhart, 341 F.3d 182, 184 (2d Cir.2003), and when reviewing determinations made by the Commissioner, we conduct a plenary review of the administrative record, see Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir.1998). We may only set aside the Commissioner’s decision if the factual findings are not supported by substantial evidence, or if incorrect legal standards were applied. See Burgess v. Astrue, 537 F.3d *610 117, 127 (2d Cir.2008); see also Hallaran v. Barnhart, 362 F.3d 28, 31 (2d Cir.2004). A determination is supported by substantial evidence if the record contains “such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.” Jasinski, 341 F.3d at 184 (internal quotation marks omitted).
Disability is defined by the Social Security Act, in relevant part, as the “inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.” 42 U.S.C. § 423(d)(1)(A). An individual can be found disabled under the Act “only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy....” 42 U.S.C. § 423(d)(2)(A). The claimant bears the burden of proving that he suffers from a disability and that his impairment prevents him from returning to his prior employment. See Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir.1998).
The Social Security regulations set forth a five-step sequential evaluation for adjudicating claims for disability insurance and SSI benefits. See 20 C.F.R. §§ 404.1520, 416.920.
First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a “severe impairment” which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a “listed” impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant’s severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.
Rivera v. Schweiker, 717 F.2d 719, 722 (2d Cir.1983) (quoting Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir.1982)). The claimant bears the burden of proving the first four elements and the Commissioner bears the burden on the fifth element. See id. at 722-23.
Here, the record reveals that, in determining that Gennardo was not disabled, the Administrative Law Judge (“ALJ”) applied the correct legal standard, and that determination was supported by substantial evidence. Gennardo has not engaged in substantial gainful employment since December 23, 2003, and while, from that date to June 2004, he did suffer severe impairments, these were not the type of impairments listed in 20 C.F.R. Part 404, Subpart P, App. 1. Moreover, Dr. Thall’s report and other pertinent medical evidence in the record support the finding that Gennardo had the residual functional capacity to perform his past work as a telephone salesperson, and that, accordingly, he was not disabled within the meaning of the Act. The AL J’s decision was there *611 fore supported by sufficient evidence. See Jasinski, 341 F.3d at 184.
We have considered all of Gennardo’s remaining claims of error and find them to be without merit. Accordingly, there is no basis on which to challenge the judgment of the district court.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.