SUMMARY ORDER

Appellant Hermena J. Gladden, pro se, appeals the district court’s grant of the Defendant’s motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, upholding the denial by the Commissioner of Social Security of Gladden’s application for disability insurance benefits. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
We review district court orders granting motions to dismiss pursuant to Fed.R.Civ.P. 12(c) de novo, see Jasinski v. Barnhart, 341 F.3d 182, 184 (2d Cir.2003), and when reviewing determinations made by the Commissioner we conduct a plenary review of the administrative record, see Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir.1998) (noting focus of review is the administrative ruling, not the district court’s decision). Moreover, we may only set aside the Commissioner’s decision if the factual findings are not supported by substantial evidence or if incorrect legal standards were applied. See Burgess v. Astrue, 537 F.3d 117, 127 (2d Cir.2008); Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir.2004). A determination is supported by substantial evidence if the record contains “such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.” Id. (internal quotation marks omitted).
Disability is defined by the Social Security Act as the “inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.” 42 U.S.C. § 423(d)(1)(A). An individual can be found disabled under the Act “only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy....” 42 U.S.C. § 423(d)(2)(A). The claimant bears the burden of proving that he suffers from a disability and that his impairment prevents him from returning to his prior employment. See Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir.1998).
In adjudicating claims for disability insurance, courts are to engage in a five-step *138 evaluation that includes inquiry into whether any “severe impairment” that the claimant suffers from is recognized as a disability in the regulations, and, if not, whether the claimant possesses a “residual functional capacity” to perform his or her past work or other work. Id. at 79-80 (internal quotation marks omitted); 20 C.F.R. § 404.1520.
The Administrative Law Judge (“ALJ”) applied the correct legal standard to determine Gladden was not disabled, and that determination was supported by substantial evidence. Gladden has not engaged in substantial gainful employment since September 18, 2003, and while she does suffer a severe impairment-notably, left shoulder osteoarthritis and mild to moderate asthma — this is not a type of impairment that the regulations list as a disability. See 20 C.F.R. Part 404, Sub-part P, App. 1. Furthermore, Gladden’s testimony and the medical reports of Dr. Gundy, Dr. Schulman, Dr. Elia, and Dr. Morelli confirm that Gladden had the residual functional capacity to perform her past work as a corrections officer and that she was therefore not disabled within the meaning of the Act.
Gladden’s argument that the ALJ erred by failing to credit the assessment of Dr. Luks and others that she was disabled is unavailing. Federal regulations make clear that whether a physician believes an applicant is “disabled” is irrelevant, since this determination is reserved to the Commissioner. See 20 C.F.R. § 416.927(e)(1) (the ALJ is responsible for determining whether a claimant is “disabled” under the Act, and need not credit a physician’s determination to this effect).
Additionally, the ALJ’s overall determination that Gladden could perform her past work as a corrections officer was supported by substantial evidence since Gladden admitted that she was comfortable sitting, standing (except in cold weather), and walking for short periods of time and could lift approximately ten pounds with her right arm.
We have considered all of Gladden’s remaining claims of error and find them to be without merit.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.[1]

. We note that Gladden advised this Court at oral argument that her health has significantly deteriorated since the ALJ’s determination. Our ruling today, upholding the Commissioner’s determination that Gladden was not disabled within the meaning of the Social Security Act, applies to the period of time preceding the ALJ’s January 2006 decision and does not preclude Gladden from filing a new application for disability insurance benefits for the period of time after the ALJ’s decision.