12-1012
Kast v. Social Security Administration

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand thirteen.

PRESENT:  DENNY CHIN,
          CHRISTOPHER F. DRONEY,
                    _Circuit Judges_,
          JANE A. RESTANI,
                    _Judge_.[*]
- - - - - - - - - - - - - - - - - - - - - - -x

LISL I. KAST,

                    _Plaintiff-Appellant_,

          -v.-                                    12-1012

SOCIAL SECURITY ADMINISTRATION, by its
Appeals Council of the Office of
Disability, Adjudication, and Review,
                    _Defendant-Appellee_.[**]

- - - - - - - - - - - - - - - - - - - - - - -x


FOR PLAINTIFF-APPELLANT:      Lisl I. Kast, _pro se_, Massapequa,
                              New York.


FOR DEFENDANT-APPELLEE:       Varuni Nelson, Kathleen A. Mahoney,
                              Robert W. Schumacher, Assistant
                              United States Attorneys, _for_
                              Loretta E. Lynch, United States

---

[*]     The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation.
[**]     The Clerk of the Court is directed to amend the official caption to conform to the above.

Attorney for the Eastern District of New York, Central Islip, New York.

Appeal from the United States District Court for the Eastern District of New York (Bianco, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Lisl I. Kast, proceeding pro se, appeals from a judgment entered by the district court on February 8, 2012, granting the motion of the Social Security Administration (the "SSA") for judgment on the pleadings in Kast's action seeking judicial review of a final decision of the SSA. Kast asserts that the SSA erred in calculating the amount of retirement insurance benefits to which she is entitled under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 et seq. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's award of judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). See Jasinski v. Barnhart, 341 F.3d 182, 184 (2d Cir. 2003). When reviewing determinations made by the SSA, we conduct a "plenary review of the administrative record." See Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008) (citation and internal quotation marks omitted). We may set aside the SSA's decision only if the factual findings are not supported by substantial evidence, or if incorrect legal standards were applied. See id. at 127-28. A determination is supported by substantial evidence

- 2 -

if the record contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 127 (citation and internal quotation marks omitted).

Here, the SSA applied the correct legal standards, and its determination was supported by substantial evidence in the record. Kast's assertion that she and her husband should receive the same monthly retirement insurance benefits because they had "similar lifetime earnings and similar dates of birth," Plaintiff's Br. at 4, is without merit. Because Kast and her husband attained age 62 in different years -- in 1992 and 1990, respectively -- their retirement insurance benefits are calculated using different indexing years and different benefit formulas. See 20 C.F.R. § 404.210 (primary insurance amount calculated under average-indexed-monthly-earnings method); 20 C.F.R. § 404.211(a), (d) (average indexed monthly earnings calculated using "indexing year," which is the second year before claimant reaches age 62); 20 C.F.R. § 404.212 (primary insurance amount calculated applying benefit formula in effect for the year claimant reaches age 62). These and other differences resulted in different monthly benefits under Title II of the Act and the relevant regulations.

We have considered Kast's remaining arguments and conclude that they lack merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 3 -