13-2684-cv
*Lipp v. Colvin*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of June, two thousand fourteen.

PRESENT:
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

STEPHEN L. LIPP,

> *Petitioner-Appellant,*

> v.                                                        No. 13-2684-cv

CAROLYN W. COLVIN, ACTING COMMISSIONER OF
SOCIAL SECURITY,

> *Respondent-Appellee.*

_____

**FOR PETITIONER-APPELLANT:**          JAYA A. SHURTLIFF, Law Offices of Kenneth Hiller, PLLC, Amherst, NY.


**FOR DEFENDANT-APPELLEE:**          TOMASINA DIGRIGOLI, (Stephen P. Conte, Office of the General Counsel, Social Security Administration, William J. Hochul, Jr., United

States Attorney, Western District of New York, Buffalo, NY, *on the brief*) Special Assistant United States Attorney, United States Social Security Administration, New York, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Petitioner Stephen L. Lipp ("Lipp") appeals from a judgment upholding the decision of the Commissioner of Social Security, Michael J. Astrue (the "Commissioner"),[1] that Lipp was not entitled to disability benefits under the Social Security Act (the "Act").

Lipp suffered injuries to his back and neck after falling at work in August of 2005. On January 10, 2006, Lipp filed an application for disability benefits, which was denied. Lipp then requested a hearing before an administrative law judge ("ALJ"), which took place on April 11, 2008, during which Lipp was represented by counsel. On June 3, 2008, the ALJ denied Lipp's claim. Lipp requested review by the Appeals Council, which denied his request on February 19, 2009. Lipp then appealed to the District Court, which entered judgment for the Commissioner on May 8, 2013. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order granting judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), *de novo. See Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003). Our review of a denial of social security disability benefits focuses on the administrative ruling rather than the district court's decision. *See Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004). We evaluate whether the decision was "supported by substantial evidence," which means "more than a mere scintilla . . . [and as much as] a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). We also determine whether incorrect legal standards were applied. *See Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008).

On appeal, Lipp argues that the ALJ erred by not following the "treating physician rule," which "generally requires a measure of deference to the medical opinion of a claimant's treating physician." *Halloran*, 362 F.3d at 31. Lipp also alleges that the ALJ erred by not re-contacting his treating physicians, by improperly assessing his credibility, and by determining that he was not disabled within the meaning of the Act.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security in February of 2014, and accordingly has been substituted as the appellee in this action; accordingly, we direct the Clerk's Office to amend the caption as indicated above. When we refer to "Commissioner," we refer to the office and to its occupant at the relevant time.

The Act defines a "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A Social Security Administration regulation promulgated by the Commissioner created a five-step evaluation process that is used to determine if a claimant is entitled to disability benefits. *See* 20 C.F.R. § 404.1520(a)(4). Applying that process, the ALJ found that Lipp suffered from "right shoulder and cervical spine dysfunction" which constituted a "severe combination of impairments," JA15, but that he nevertheless "had the residual functional capacity to perform light work" of a type "that existed in significant numbers in the national economy." JA17, 19.

Having conducted a plenary review of the administrative record, we conclude that the Commissioner's decision was supported by substantial evidence, and did not involve an incorrect application of legal standards. We affirm, substantially for the reasons articulated by the District Court in its Decision and Order. *See Lipp v. Astrue*, No. 10 Civ. 0398, 2013 WL 1908036 (W.D.N.Y. May 7, 2013).

## CONCLUSION

We have considered all of Lipp's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the May 8, 2013 decision of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3