13-3231-cv
Koch v. Colvin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand fourteen.

PRESENT: GUIDO CALABRESI,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

_____

STEPHANIE M. KOCH,

*Plaintiff - Appellant,*

v.

No. 13-3231-cv

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

*Defendant - Appellee.*

_____

FOR APPELLANT: Jaya A. Shurtliff, Stanley Law Offices, Syracuse, New York.

FOR APPELLEE: Sandra M. Grossfeld, Special Assistant United States Attorney (Stephen P. Conte, Regional Chief Counsel – Region II, Office of the General Counsel Social Security Administration, *of counsel*), New York, New York, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York.

Appeal from the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 27, 2013, is AFFIRMED.

Plaintiff-appellant Stephanie M. Koch appeals from a judgment of the United States District Court for the Western District of New York entered on June 27, 2013, dismissing her complaint challenging the denial of disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. § 401 *et seq.* Koch, who was 28 years old when she filed this application for Social Security benefits, suffers from scoliosis, kyphosis, status post cervical fusion, migraines, and facet arthritis. She has not worked for several years due to lower back pain. Koch contends that the district court erred in finding that substantial evidence supported the decision of Administrative Law Judge William Weir ("ALJ") that she was not disabled under sections 216(i) and 223(d) of the Act. See 42 U.S.C. §§ 416(i) and 423(d). Koch presents three principal arguments on appeal: (1) the ALJ's residual functional capacity finding ("RFC") is the product of legal error and unsupported by substantial evidence; (2) the ALJ erred by failing to consult a vocational expert; and (3) the ALJ applied the wrong legal standards in assessing Koch's credibility. We assume the parties' familiarity with the underlying facts, procedural history, and the remaining issues on appeal, to which we refer only as necessary to explain our decision to affirm.

2

We review district court orders granting motions for judgments on the pleadings pursuant to Fed. R. Civ. P. 12(c) de novo. Jasinski v. Barnhart, 341 F.3d 182, 184 (2d Cir. 2003). In reviewing a denial of disability benefits, we conduct a plenary review of the record and "focus on the administrative ruling rather than the district court's opinion." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted).[1] We will affirm the denial of benefits if the decision is supported by substantial evidence. Id. "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burgess v. Astrue, 537 F.3d 117, 127 (2d Cir. 2008) (internal quotation marks omitted).

A claimant is disabled and entitled to benefits if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Federal regulations set forth a "five-step sequential evaluation process" that guides an ALJ's determination of whether a claimant is entitled to benefits. 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ must consider whether the claimant is performing substantial gainful activity. Id. If so, the claimant is deemed not disabled, and the inquiry ends. At step two, the ALJ must determine whether the claimant has a "severe medically determinable physical or mental impairment that meets the duration

---

[1] We note that in this case, the district court adopted the Report and Recommendation of Magistrate Judge Hugh B. Scott.

3

requirement in [20 C.F.R.] § 404.1509, or a combination of impairments that is severe and meets the duration requirement." Id. If not, the claimant is deemed not disabled, and the inquiry ends. At step three, the ALJ must consider whether the claimant's severe impairments meet or equal one of the enumerated disabilities listed in Appendix 1 to Subpart P of 20 C.F.R. § 404. Id. If so, and if the impairment is of sufficient duration, the claimant is deemed disabled and the inquiry ends. If not, the ALJ proceeds to step four. At step four, the ALJ must assess the claimant's RFC to perform work. If the claimant's RFC permits her to perform her past relevant work, then the claimant is deemed not disabled, and the inquiry ends. Id. Finally, at step five, the ALJ must consider the claimant's RFC, age, education, and work experience to determine whether the claimant "can make an adjustment to other work." Id. If she can make an adjustment, she is deemed not disabled. If she cannot, she is deemed disabled.

The claimant bears both "the general burden of proving that . . . she has a disability within the meaning of the Act" and the specific "burden of proving . . . her case at steps one through four of the sequential five-step framework." Burgess, 537 F.3d at 128 (internal quotation marks and citation omitted).

I.      RFC Finding

Koch argues that the ALJ's finding that she retained the RFC "to perform the full range of sedentary work as defined in 20 C.F.R. [§] 404.1567(a)" was not supported by substantial evidence because the ALJ misstated the record and failed to apply the proper legal standards. We disagree. The ALJ found that Koch could "lift 10 pounds frequently,

4

bend at the waist, squat, bend at the knees, . . . and grocery shop[] with her husband," J.A. 13, findings that are amply supported by the record evidence. To the extent that Koch's actual testimony was that she could lift 10 pounds "repeatedly" rather than "frequently," such a minor linguistic variation in the ALJ's summary of that testimony provides no basis for concluding that the ALJ's findings were not supported by substantial evidence. Moreover, we reject Koch's argument that the ALJ committed reversible error by merely referencing the findings of a state agency reviewer. While "[i]t is indeed an error to treat a disability analyst as a doctor," Tankisi v. Comm'r of Social Sec., 521 F. App'x 29, 34 (2d Cir. 2013), the ALJ's error was harmless because his RFC finding is supported by substantial evidence.

II. Failure to Consult a Vocational Expert

Koch next argues that the district court erred by not consulting a vocational expert in this case, and relying instead on the Medical-Vocational Rules to direct a finding of not disabled. Here, however, the ALJ found that Koch could not perform her past work as a cashier, day care worker, and sales clerk, and therefore continued the evaluation at step five of the sequential evaluation process. The ALJ then considered several vocational factors along with his RFC finding and concluded that under Medical-Vocation Rule 201.2, Koch was not disabled. In such circumstances, the ALJ was not required to consult vocational evidence. See 20 C.F.R. § 404.1520(g).

III.    Credibility Assessment

Finally, Koch argues that the ALJ did not properly evaluate her subjective complaints.  Although the ALJ found that Koch's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," J.A. 14, the ALJ concluded that Koch's complaints "suggest[ed] a greater severity of symptoms than can be shown by the objective medical evidence alone," id.  Substantial evidence, including Koch's own testimony supports that finding, which, in any event, was within the purview of the ALJ to make.  See 20 C.F.R. § 404.1529(b), (c).  For example, Koch testified before the ALJ that she gets a "really bad headache," meaning a headache that she would rate a six or seven on the pain scale every two months, and less severe headaches rated two or three on the pain scale, two or three times per month.  She further acknowledged, however, that medications help resolve the headaches as they come.  When coupled with the testimony regarding the frequency with which Koch used and refilled her other medications, including muscle relaxers for back pain, that evidence supports the ALJ's conclusion that Koch's account of the intensity and effects of her pain on her functional capacity was not credible.

We have reviewed Koch's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6