18-1612-cv
Stone v. Commissioner of Social Security Administration

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of April, two thousand nineteen.

Present:       AMALYA L. KEARSE,
               RALPH K. WINTER,
               ROSEMARY S. POOLER,
                       *Circuit Judges*.

_____

VAN STONE,

                       *Plaintiff-Appellant*,

               v.                                              18-1612-cv

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

                       *Defendant-Appellee*.

_____

Appearing for Appellant:     Christopher James Bowes, Shoreham, N.Y.

Appearing for Appellee:      Amanda F. Parsels, Assistant United States Attorney (Benjamin H. Torrance, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Sullivan, then–*District Judge*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Van Stone appeals from the March 27, 2018 order and judgment of the United States District Court for the Southern District of New York (Sullivan, then–*District Judge*), adopting in full the report and recommendation of the magistrate judge and granting Defendant-Appellee Commissioner of the Social Security Administration's motion for judgment on the pleadings. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Stone suffers from post-traumatic stress disorder, major depressive disorder, chronic fatigue, and symptoms of Asperger syndrome. Stone was fired from his job as a flight attendant in June of 2010 and since then has been unemployed. On June 26, 2013, Stone filed for disability insurance benefits ("DIB"), and on June 29, 2013, he also filed for Supplemental Security Income ("SSI"), alleging he had been disabled since August of 2010. The Social Security Administration initially denied both claims, and Stone requested a hearing before an Administrative Law Judge ("ALJ"). After a hearing, the ALJ granted Stone's SSI claim but denied his claim for DIB. Stone now appeals the ALJ's decision only as to his DIB claim.

We focus our review on the ALJ's administrative ruling rather than on the district court's findings on its review. *Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003). "[W]e review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (internal quotation marks omitted).

Stone argues that the ALJ failed to adequately develop his medical record because she did not solicit a retrospective opinion from his current treating physician, Dr. Luis Garza, regarding the onset date of Stone's disability. We disagree. The sole basis of this argument is that Dr. Garza is currently Stone's treating physician and that Dr. Garza's opinion would be entitled to controlling weight. In *Perez v. Chater*, we refused to require an ALJ to obtain a retrospective medical opinion where (1) "the ALJ had before him a complete medical history" and (2) the claimant had not presented evidence at the hearing that "indicate[d] that retrospective assessments would have revealed any useful information or that the physicians were prepared to undertake such assessments." 77 F.3d 41, 48 (2d Cir. 1996). Stone makes no allegation that the medical record was missing contemporaneous treatment records or that the treatment records themselves were incomplete.[1] Nor has Stone argued that Dr. Garza, who did not begin treating Stone until November 2013, possesses the diagnostic tools necessary to undertake a retrospective assessment of the onset date of Stone's disorder. Stone has therefore failed to establish that the ALJ erred by not requesting a retrospective opinion from Dr. Garza.

Stone's second challenge on appeal is that under Social Security Regulation 83-20 ("SSR 83-20"), which was in effect at the time of the ALJ's May 2015 decision but has since been rescinded, the ALJ was required to consult a medical advisor to determine the onset date of Stone's disability. SSR 83-20 requires that if a claimant suffers from a "slowly progressive

---

[1] Indeed, it appears the ALJ made multiple attempts to obtain all of Stone's medical records and obtained reports from Stone's identified treating physicians.

impairment" and the ALJ must "infer the onset date from the medical and other evidence that describe the history and symptomatology of [a] disease process," the ALJ "should call on the services of a medical advisor" to assist her in inferring a disability onset date. SSR 83-20, [1983-1991] Soc. Sec. Rep. Serv. 49; 1983 WL 31249, at *2-3. The ALJ in this case, however, did not infer the onset date of Stone's disability, nor did she need to. Instead, the ALJ determined that Stone's contemporaneous medical records did not support a finding of disability on his date last insured. Accordingly, SSR 83-20 did not apply to the ALJ's decision on Stone's entitlement to DIB, and Stone's second argument fails.

We have considered the remainder of Stone's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3