Miller v. Comm'r of Social Sec. Admin.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 19th day of November, two thousand nineteen.

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             MICHAEL H. PARK,
                     *Circuit Judges*.

_____

JULIE ANN MILLER,

                     *Plaintiff-Appellant*,

             v.                                              18-3740

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

                     *Defendant-Appellee*.

_____

Appearing for Appellant:     Julie Ann Miller, pro se, Plainville, CT.

Appearing for Appellee:      Lauren E. Myers, Special Assistant United States Attorney (Ellen
                             Sovern, Acting Regional Chief Counsel-Region II, Office of the
                             General Counsel, Social Security Administration, *on the brief*), for
                             John H. Durham, United States Attorney for the District of
                             Connecticut.

Appeal from the United States District Court for the District of Connecticut (Hall, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Julie Miller appeals from the December 6, 2018 judgment of the United States District Court for the District of Connecticut (Hall, *J.*) affirming an administrative law judge's April 26, 2017 denial of Miller's application for disability insurance benefits ("SSDI") and supplemental security income ("SSI"), and granting judgment on the pleadings to the Commissioner.

We review de novo a district court's judgment on the pleadings. *Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003). When the judgment upholds a benefits determination by the Commissioner, we conduct a de novo review of the administrative record "to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (internal quotation marks and citation omitted). "The substantial evidence standard means once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks and citation omitted).

Upon such review, we conclude that the district court correctly held that the ALJ applied the correct legal standards, and that the determination that Miller was not disabled was supported by substantial evidence. As the district court correctly determined in its order, the evidence showed that Miller was capable of performing light work with certain limitations and that there were jobs in the national economy she could perform with these limitations. Accordingly, we affirm for substantially the same reasons as the district court stated in its December 2018 order.

Miller argues that she should have been granted an opportunity to reschedule her hearing. The Hearings, Appeals, and Litigation Law Manual ("HALLEX") states that good cause is "a reasonable explanation for failing to comply with a requirement." HALLEX I-2-4-25(B). Although HALLEX notes that "[t]here are no set criteria for determining what constitutes good cause for failure to appear at the time and place of a scheduled hearing[,]" HALLEX offers three circumstances that generally constitute good cause: (1) the claimant did not receive proper notice of the hearing; (2) there was an unforeseeable event preventing the claimant or representative from requesting a postponement; or (3) a claimant's representative withdrew less than a week prior to the hearing. HALLEX I-2-4-25(C)(1). Miller did not show good cause under any of these rationales. The record shows that Miller and her attorney received notice of the hearing, and her attorney did not withdraw. Nor did Miller show that there was an unforeseeable circumstance preventing her from attending. She knew at least one day prior to the hearing that she would not be able to attend and elected to have her attorney proceed with the hearing.

On appeal, Miller argues that she called to request that she be permitted to participate in her hearing by telephone. However, there is no evidence in the record showing that she or her attorney requested this accommodation. The emails Miller provided between her and her attorney show that she only asked her attorney about the possibility of telephone participation, not that she or her lawyer called the Social Security Administration to request it.

2

Miller argues that the ALJ failed to develop the record by denying her request for subpoenas. ALJs have an affirmative duty to develop the record. *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996). "This duty arises from the Commissioner's regulatory obligations to develop a complete medical record before making a disability determination[.]" *Id.* (citation omitted); *see also* 20 C.F.R. § 404.1512(b). Because this duty is limited to developing a complete medical record, the ALJ was not obligated to issue subpoenas to add information about Miller's job history or evictions. Although Miller argues that all of her medical records were not included in the administrative record, the record did not contain any obvious gaps that would require the ALJ to further develop the record. The Social Security Administration obtained records from multiple healthcare providers, including treating physicians, therapists, and evaluators. Miller does not specify which providers' records were missing or what those records would show. *Cf. Rosa v. Callahan*, 168 F.3d 72, 80 (2d Cir. 1999) (determining that ALJ had duty to develop record where there was a "scant" record).

We have considered the remainder of Miller's arguments and find them to be without merit. Accordingly, the order of the district court hereby is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3