*Persaud v. Comm'r of Soc. Sec.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand twenty-three.**

**PRESENT:**
> **GERARD E. LYNCH,**
> **MICHAEL H. PARK,**
> > ***Circuit Judges,***
> **ARUN SUBRAMANIAN,**
> > ***District Judge.****

---

**Ishwar Persaud,**

> ***Plaintiff-Appellant,***

> **v.**        **22-2640**

**Commissioner of Social Security,**

> ***Defendant-Appellee.***

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | CHRISTOPHER JAMES BOWES, Shoreham, NY. |
| **FOR DEFENDANT-APPELLEE:** | ANNE M. ZEIGLER, Special Assistant United States Attorney (Ellen E. Sovern, Associate General Counsel, Social Security Administration, *on the brief*), Baltimore, |

---

\* Judge Arun Subramanian, of the United States District Court for the Southern District of New York, sitting by designation.

MD, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Komitee, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** to the district court with instructions to remand the matter to the Commissioner of Social Security (the "Commissioner") for further proceedings not inconsistent with this order.

Ishwar Persaud applied for Social Security Disability Insurance on February 7, 2017, two years after he was injured in a car crash. The Administrative Law Judge ("ALJ") assigned to his case denied his application, so Persaud sued the Commissioner in the Eastern District of New York. Persaud now appeals the district court's August 5, 2022 order granting the Commissioner's motion for judgment on the pleadings and denying Persaud's. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review a district court's judgment on the pleadings *de novo*. *Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003). "In reviewing an appeal from the denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion to determine whether the ALJ's decision was supported by substantial evidence." *Colgan v. Kijakazi*, 22 F.4th 353, 359 (2d Cir. 2022) (internal quotation marks and citations omitted).

Claims filed prior to March 27, 2017 are governed by the "treating physician rule" which states that the "medical opinion of a claimant's treating physician must be given controlling weight

if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." *Id.* (internal quotation marks omitted); *see also* 20 C.F.R. § 404.1527. An "ALJ must articulate 'good reasons' to rebut the presumption of controlling deference conferred on the treating physician's opinion." *Colgan*, 22 F.4th at 360. Good reasons are "reasons supported by substantial evidence in the record." *Schillo v. Kijakazi*, 31 F.4th 64, 75 (2d Cir. 2022).

If the ALJ does not give controlling weight to the treating physician's opinion, "it must determine how much weight, if any, to give it" by "explicitly consider[ing] the following, nonexclusive *Burgess* factors: (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Estrella v. Berryhill*, 925 F.3d 90, 95-96 (2d Cir. 2019) (internal quotation marks and brackets omitted); *see also Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008). An ALJ must also give "good reasons" for the weight it gives the treating source other than controlling weight. *Estrella*, 925 F.3d at 96.

"[F]ailure to explicitly apply the *Burgess* factors when assigning weight at step two is a procedural error." *Id*. (internal quotation marks omitted). "If the Commissioner has not otherwise provided good reasons for its weight assessment, we are unable to conclude that the error was harmless and consequently remand for the ALJ to comprehensively set forth its reasons." *Id.* (internal quotation marks and brackets omitted). But if "'a searching review of the record' assures us 'that the substance of the treating physician rule was not traversed,' we will affirm." *Id.* (quoting *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004)).

Here, the ALJ did not explicitly consider the *Burgess* factors in granting "little weight" to the opinion of Dr. Robert Hecht, Persaud's treating physician. *See generally* Administrative Record, *Persaud v. Comm'r of Soc. Sec.*, No. 20-cv-04360-EK, (E.D.N.Y. Apr. 16, 2021), ECF No. 11 ("R."). That was error. Our review does not assure us that the treating physician rule was applied in substance. The ALJ's decision fails to indicate that Dr. Hecht was a treating physician. It explains only that Dr. Hecht's opinion was given "little weight because it is not supported by the objective evidence of record." R. at 18. Even if the ALJ had provided a sufficient discussion of the evidence supporting and contradicting Dr. Hecht's opinion, his decision says nothing about the "frequency, length, nature, and extent of treatment," which was extensive, including roughly thirty-five visits over nearly four years, or about Dr. Hecht's relevant expertise.

In light of the lengthy and regular treating relationship between Persaud and Dr. Hecht, we cannot be sure that the ALJ still would have assigned Dr. Hecht's opinion "little weight" if he had explicitly applied the *Burgess* factors. So, the ALJ's failure to apply the *Burgess* factors requires remand. We therefore **VACATE** the judgment of the district court, and **REMAND** to the district court with instructions to remand to the Commissioner for further proceedings not inconsistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4