*Sesa v. Colvin*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of October, two thousand fifteen.

PRESENT:
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> > *Circuit Judges,*
> VICTOR A. BOLDEN,
> > *District Judge.*\*

───────────────────────────────────────

JANINE J. SESA,

> *Plaintiff-Appellant,*

> > v.                                                No. 14-3538

CAROLYN W. COLVIN, ACTING COMMISSIONER OF
SOCIAL SECURITY,

> *Defendant-Appellee.*

───────────────────────────────────────

**FOR APPELLANT:**                    CAROLYN A. KUBITSCHEK, Lansner
                                      & Kubitschek, New York, NY.

---

\* The Honorable Victor A. Bolden, of the United States District Court for the District of Connecticut, sitting by designation.

**FOR APPELLEE:**                     BRANDON M. WATERMAN, Assistant United States Attorney, (Benjamin H. Torrance, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Robert P. Patterson, Jr., *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

Plaintiff-appellant Janine J. Sesa appeals from an order of the United States District Court for the Southern District of New York (Robert P. Patterson, Jr., *J.*) affirming the Commissioner's decision to deny her application for disability benefits. We assume the parties' familiarity with the underlying facts, procedural history, and the legal issues presented by this appeal.

"We review a district court's judgment on the pleadings *de novo*." *Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003). "When reviewing a disability benefits determination, our focus is not so much on the district court's ruling as it is on the administrative ruling." *Id.* (internal quotation marks omitted). First, we determine whether the Commissioner applied the correct legal standard. *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009). Second, we evaluate whether the Commissioner's decision was "supported by substantial evidence," which is "more than a mere scintilla, and is such relevant evidence as [a] reasonable mind might accept as adequate to support a conclusion." *Jasinski*, 341 F.3d at 184 (internal

2

quotation marks omitted). The substantial evidence standard is very deferential; once an administrative law judge ("ALJ") finds facts, we reject those facts "only if a reasonable factfinder would *have to conclude otherwise.*" *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks omitted).

By failing to determine affirmatively whether Sesa's purported reaching impairment was non-negligible and therefore precluded reliance on the Medical-Vocational Guidelines (the "Grids"), the ALJ erred. To qualify for disability benefits, a claimant must prove that she has a "disability," which is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration regulations outline a five-step process for determining whether a claimant is disabled.[1] 20 C.F.R. § 404.1520(a)(1). At step five, the ALJ apparently used the Grids as a framework for his decision and did not obtain the testimony of a vocational expert. *See* A.R. 30-31.

We have held, however, that an "ALJ cannot rely on the Grids if a non-exertional impairment has any more than a 'negligible' impact on a claimant's ability to perform the full

---

[1] First, the Commissioner determines whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner must determine whether she has a "severe" impairment, *i.e.*, an impairment that significantly limits her ability to do physical or mental work-related activities. *Id.* §§ 404.1520(a)(4)(ii), (c). Third, if there is a severe impairment, the Commissioner determines if the impairment meets or equals the severity of a per se disabling impairment contained in Appendix 1 to 20 C.F.R. Part 404, Subpart P (Listings of Impairments). *Id.* § 404.1520(a)(4)(iii). If the claimant's impairment does not meet or equal a listed impairment, before proceeding to step four, the Commissioner determines, based on all of the relevant medical and other evidence of record, the claimant's "residual functional capacity," which is what the claimant can still do despite the limitations imposed by her impairment. *Id.* §§ 404.1520(a)(4), (e), 404.1545(a). Fourth, the Commissioner considers whether the claimant's residual functional capacity permits her to do her past relevant work. *Id.* §§ 404.1520(a)(4)(iv), (f). Fifth, if the claimant cannot return to her past work, the Commissioner considers, based on the claimant's residual functional capacity and vocational factors, whether the claimant can do other work existing in significant numbers in the national economy. *Id.* §§ 404.1520(a)(4)(v), (g), 404.1560(b).

range of work, and instead must obtain the testimony of a vocational expert." *Selian v. Astrue*, 708 F.3d 409, 421 (2d Cir. 2013) (quoting *Zabala v. Astrue*, 595 F.3d 402, 411 (2d Cir. 2010)); *accord Bapp v. Bowen*, 802 F.2d 601, 605-06 (2d Cir. 1986). Reaching limitations are non-exertional. 20 C.F.R. § 404.1569a(c)(vi). Thus, in *Selian*, we found error where the ALJ "did not affirmatively determine whether or not [claimant]'s reaching limitation was negligible, despite finding that [claimant] could reach only 'occasionally'" and did "not determin[e] whether this reaching limitation precluded reliance on the Grids." *Selian*, 708 F.3d at 422.

"Reaching is 'required in almost all jobs,' and a reaching limitation 'may eliminate a large number of occupations a person could otherwise do.'" *Id.* (quoting SSR 85-15, 1985 WL 56857, at *7 (Jan. 1, 1985)). In *Selian*, we remanded with instructions to determine whether the claimant's reaching limitation was negligible and, if it was not, to obtain testimony from a vocational expert about the claimant's ability to perform other jobs in the national economy. *Id.*

Dr. Dinsmore's opinion noted that Sesa could not reach above shoulder level, A.R. 374, could do only some reaching, A.R. 377, had significant limitations in doing repetitive reaching, handling, or fingering, A.R. 384, and could reach (including overhead) for only 10% of an eight-hour workday, A.R. 384. The ALJ gave "little weight" to Dr. Dinsmore's opinion that Sesa was "only able to lift and carry up to 10 pounds occasionally and sit about 2 hours and stand or walk less than 2 hours in an 8-hour workday," but did not expressly reject any other portion of Dr. Dinsmore's opinion, including those portions pertaining to

4

Sesa's ability to reach. A.R. 29. In fact, the ALJ's opinion did not discuss reaching at all. *See generally* A.R. 24-31.

Although we do not "require an ALJ explicitly to reconcile every conflicting shred" of medical evidence, *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981), affirmatively determining an issue requires some express discussion. "[T]he crucial factors in any determination must be set forth with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984). The ALJ thus erred and the decision below is vacated and remanded to the Commissioner to assess whether Sesa's purported reaching impairment is negligible and, if it is not, obtain testimony from a vocational expert to determine whether Sesa is nonetheless able to perform other jobs existing in significant numbers in the national economy.[2]

We have considered the remainder of Sesa's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is VACATED and the case is REMANDED to the Commissioner for further proceedings consistent with this opinion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] While one of Sesa's treating physicians noted in February, March, and April 2011 that Sesa's right and left upper extremities scored "5/5" in every category (*e.g.*, "WExt," "WFlex," "Grip"), A.R. 334, 337, 340, the ALJ did not expressly consider Sesa's purported reaching limitation or this evidence, and "[w]e may not properly 'affirm an administrative action on grounds different from those considered by the agency.'" *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)).