Mauro v. Comm'r of Social Sec.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of January, two thousand nineteen.

PRESENT:
>    PETER W. HALL,
>    GERARD E. LYNCH,
>        *Circuit Judges,*
>    PAUL G. GARDEPHE,*
>        *District Judge.*

―――――――――――――――――――――――――――――

Maria Mauro,

>    *Plaintiff-Appellant*,

>    **v.**                                                                            **17-3780**

Commissioner of Social Security Administration,

>    *Defendant-Appellee,*

―――――――――――――――――――――――――――――

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | MARIA MAURO, *pro se*, Cold Spring, N.Y. |
| **FOR DEFENDANT-APPELLEE:** | SUSAN D. BAIRD, Benjamin H. Torrance, Assistant U.S. Attorneys, for Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y. |

―――――――――――――――――

* Judge Paul G. Gardephe, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from judgment of the United States District Court for the Southern District of New York (Gorenstein, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Maria Mauro, proceeding *pro se*, appeals from the September 20, 2017 judgment of the United States District Court for the Southern District of New York (Gorenstein, *M.J.*) granting the Commissioner of Social Security's ("Commissioner") motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The Commissioner determined that Mauro was not entitled to disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. (the "Act"), because even though Mauro was diagnosed with metastatic breast cancer in December 2014, she produced no medical evidence to support a finding that she was disabled prior to her date last insured: September 30, 2013. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In conducting our review of "a disability benefits determination, our focus is not so much on the district court's ruling as it is on the administrative ruling." *Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003) (internal quotation marks omitted). We engage in "a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision" and to determine "if the correct legal standards have been applied." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (internal quotation marks omitted). We review the district court's decision to grant judgment on the pleadings *de novo* but defer to the Commissioner's resolution of any conflicting evidence in the record. *See Clark v. Comm'r of Social Sec.*, 143 F.3d 115, 118 (2d Cir. 1998).

In this case, the Administrative Law Judge ("ALJ") determined that Mauro did not suffer from a disability, as that term is defined in the Act, prior to September 30, 2013, the date on which she was last insured. *See* 20 C.F.R. § 404.1520(f). Substantial evidence supports the ALJ's determination. Mauro was diagnosed with cancer in December 2014, over a year after her date last insured. While Mauro testified that she had symptoms of fatigue, breast redness, monthly cycle changes, and swollen arms prior to the date last insured and claims that she was disabled prior to that date, her subjective complaints alone are not a basis for an award of disability insurance benefits in the absence of corroborating objective medical evidence. *See* 20 C.F.R. § 404.1529; *Poupore v. Astrue*, 566 F.3d 303, 307 (2d Cir. 2009) (per curiam). To the extent that this or other evidence suggests that Mauro's cancer may have been present before September 30, 2013, that alone would not make her eligible for benefits. The relevant question is not when Mauro first developed the disease, or even when she first showed symptoms of the disease, but it is when she *became unable to work* because of the disease. Mauro admitted that she did not seek treatment prior to her last date insured regarding breast cancer, and her medical records indicated that she had a non-severe impairment of high cholesterol during that time, a condition which did not significantly limit her ability to perform work activities.

Mauro argues that the district court disregarded new evidence, new evidence in the form of additional letters from doctors stating that she had cancer prior to her date last insured. Three of the four letters, however, had not been submitted to the ALJ. In order for a district court to remand a case to the ALJ for consideration of new evidence, that evidence must be material and good cause must be shown for the failure to incorporate such evidence into the record in a prior proceeding. 42 U.S.C. § 405(g). Evidence is material if it is "both relevant to the claimant's condition during the time period for which benefits were denied and [if it is] probative." *Lisa v.*

3

*Sec'y of Health & Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991) (internal quotation marks omitted). In addition, evidence is material if there is "a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently." *Id.* (internal quotation marks and citations omitted). None of the letters submitted by Mauro addressed whether cancer rendered Mauro unable to work prior to her date last insured. *See Shaw v. Chater*, 221 F.3d 126, 131–32 (2d Cir. 2000); *Arnone v. Bowen,* 882 F.2d 34, 38 (2d Cir. 1989). The district court determined appropriately that these additional letters were not material and that remand to the ALJ was unwarranted.

We have considered Mauro's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk