19-1674-cv
*Blash v. Comm'r of Soc. Sec.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand twenty.

PRESENT:  DENNY CHIN,
               SUSAN L. CARNEY,
                   *Circuit Judges*,
               KARI A. DOOLEY,
                   *District Judge.* [*]

----------------------------------------x

JANNINE BLASH,

               *Plaintiff-Appellant,*

         -v-                              19-1674-cv

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

               *Defendant-Appellee.*

----------------------------------------x

---

[*]     Judge Kari A. Dooley, of the United States District Court for the District of Connecticut, sitting by designation.

FOR PLAINTIFF-APPELLANT: Jannine Blash, *pro se*, Bronx, New York.

FOR DEFENDANT-APPELLEE: Joseph A. Pantoja, Benjamin H. Torrance, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Gorenstein, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** to the district court for remand to the Commissioner.

Plaintiff-appellant Jannine Blash sought review of a final determination by the Commissioner of Social Security denying her application for disability insurance benefits and supplemental security income. She appeals, *pro se*, the judgment of the district court, entered May 20, 2019, granting judgment on the pleadings to the Commissioner. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's judgment on the pleadings. *Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003). When the judgment upholds a benefits determination by the Commissioner, we conduct a *de novo* review of the administrative record "to determine whether there is substantial evidence supporting the

2

Commissioner's decision and whether the Commissioner applied the correct legal standard." *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010).

Blash raises a new argument for the first time on appeal. We construe her brief as challenging the residual functional capacity ("RFC") determination of the administrative law judge (the "ALJ") in light of the fact that her medical condition worsened in September 2016. "Generally, 'a federal appellate court does not consider an issue not passed upon below.'" *Amalgamated Clothing & Textile Workers Union v. Wal-Mart Stores, Inc.*, 54 F.3d 69, 73 (2d Cir. 1995) (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)). "This general rule may be overcome only when necessary to avoid manifest injustice, or where there is some extraordinary need . . . to consider [the] appellant['s] claim." *Id.* (first alteration in original) (internal quotation marks and citation omitted). Here, we elect to reach the merits of Blash's challenge to the RFC determination to avoid manifest injustice.

Blash sought disability insurance benefits and supplemental security income for the time period from April 18, 2014, the alleged onset date, through April 26, 2017, the date of the ALJ's decision. In making his RFC determination, the ALJ relied in part on reports dating from 2014 and 2015 concerning Blash's ability to perform activities of daily life and concluded that Blash's ability to perform these activities independently was "inconsistent with a finding of disability." Cert. Admin. Rec. at 36. The evidence in the record concerning Blash's condition after her hospitalization in

September 2016, however, suggests that the cited evidence was stale. After her hospitalization, Dr. Ramasita Pisipati, Blash's internist, referred her for managed long-term care ("MLTC") services, stating that she could no longer lift weights or walk long distances, and was limited in carrying out activities of daily living as a result of weakness and fatigue caused by her chronic abdominal pain from pancreatitis. Although Dr. Pisipati did not specify which activities were affected, the Centers Plan for Healthy Living, an MLTC provider, assessed Blash and concluded that she needed assistance with bathing, dressing her lower body, toileting, meal preparation, shopping, and housework. These records directly contradict the older reports of Blash's functioning on which the ALJ relied, which had reported that she could do these activities independently.

The ALJ mentioned in passing that Dr. Pisipati's referral stated Blash was limited in carrying out activities of daily living, but he did not analyze the impact of the additional evidence on the earlier conclusions or consider the Centers Plan assessment or plan of care. This was error. The ALJ is obligated to consider "'all of the relevant medical and other evidence.'" *Genier v. Astrue*, 606 F.3d 46, 50 (2d Cir. 2010) (quoting 20 C.F.R. § 404.1545(a)(3)). An ALJ's failure to consider relevant evidence is grounds for remand. *See id.*; *see also Kohler v. Astrue*, 546 F.3d 260, 268-69 (2d Cir. 2008) (concluding that ALJ erred by tending to "overlook or mischaracterize" portions of evidence that supported disability finding). Here, the ALJ's failure to consider whether the older

4

evidence was stale warrants remand because the newer evidence showed that Blash's condition had significantly changed within the relevant period.

Further, the ALJ's failure to seek out additional records from Blash's post-hospitalization medical and MLTC services also warrants remand. ALJs have an affirmative duty to develop the record. *See, e.g.*, *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996). "This duty arises from the Commissioner's regulatory obligations to develop a complete medical record before making a disability determination." *Id.*; *see also* 20 C.F.R. § 404.1512(b). When there is an obvious or "clear gap[]" in the record, the ALJ is required to seek out missing medical records, even when a party is represented by counsel. *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999).

Here, there was an obvious gap in the medical records. Dr. Pisipati's October 2016 referral and Centers Plan's October 2016 assessment show that further records concerning Blash's functional capacity likely existed. Moreover, the administrative record includes Dr. Pisipati's appointment records only until June 2016, but his October referral suggests that Blash likely continued to see him after that date. Blash's attorney also informed the ALJ that Blash had significant changes in her medical needs and had begun receiving MLTC services. The ALJ should have sought these additional records before making his determination. *See Genier*, 606 F.3d at 50 (concluding that ALJ erred by failing to obtain additional medical records where he was alerted that records supporting a disability finding existed).

5

The Appeals Council, too, erred by denying Blash's appeal on the basis that the new evidence she submitted did not show a reasonable probability that it would have affected the outcome. "Social Security regulations expressly authorize a claimant to submit new and material evidence to the Appeals Council when requesting review of an ALJ's decision." *Perez v. Chater*, 77 F.3d 41, 44 (2d Cir. 1996). Where the new evidence predates the ALJ's decision, "the Appeals Council 'shall evaluate the entire record including the new and material evidence submitted . . . [and] then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Id.* (alterations in original) (quoting 20 C.F.R. § 404.970(b)).

In addition to the evidence before the ALJ about Blash's change in functioning and need for MLTC services, Blash submitted other records in connection with her appeal that showed she received significant at-home medical care between October 2016 and April 2017. These records included a care plan for the period between December 2016 and April 2017 demonstrating that Blash continued to require assistance with nearly every activity of daily living and received 12 hours of in-home care a week. As discussed above, the evidence before the ALJ showed that Blash's condition had significantly worsened in September 2016 and that older reports about her daily functioning were stale. The evidence presented to the Appeals Council further supported this claim. The Appeals Council erred by determining that the new records,

6

combined with the records already submitted, would not have altered the outcome.

Accordingly, remand is warranted.

* * *

For the foregoing reasons, the judgment of the district court is **VACATED**

and the case is **REMANDED** to the district court for remand to the Commissioner with

instructions to develop the record in light of the evidence of Blash's change in

functioning in September 2016 and need for MLTC services beginning in October 2016.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court