22-612-cv
*Hamilton v. Commissioner of Social Security*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

---

BECKY SUE HAMILTON,

> *Plaintiff-Appellant*,

> v.                                                            22-612-cv

COMMISSIONER OF SOCIAL SECURITY,

> *Defendant-Appellee*.

---

| | |
|---|---|
| For Plaintiff-Appellant: | LARS PRESSLY MEAD and Scot G. Miller, Coughlin & Gerhart, LLP, Binghamton, NY. |
| For Defendant-Appellee: | MOLLY E. CARTER, Special Assistant United States Attorney, and Michael J. Pelgro, Regional Chief Counsel, Social Security Administration, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Boston, MA. |

1

Appeal from a judgment of the U.S. District Court for the Northern District of New York (Sannes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** to the district court with instructions to remand the matter to the Commissioner for further proceedings consistent with this order.

Plaintiff-Appellant Becky Sue Hamilton ("Hamilton") appeals from the February 2, 2022 judgment of the United States District Court for the Northern District of New York (Sannes, *J.*). The district court granted the motion of the Commissioner of Social Security (the "Commissioner") for judgment on the pleadings based on a determination that substantial evidence supports the conclusion of the administrative law judge ("ALJ") that Hamilton is not disabled within the meaning of the Social Security Act. *See* 42 U.S.C. § 423. Hamilton argues that the ALJ erred in evaluating the medical evidence and that her application for Social Security disability insurance benefits was improperly denied. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

We review a district court's judgment on the pleadings *de novo*. *Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003). When reviewing a disability benefits determination, the "focus is not so much on the district court's ruling as it is on the administrative ruling." *Id.* (internal quotation marks and citation omitted). We review the administrative record "to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

Under the treating physician rule, an ALJ must give "controlling weight" to the opinion of a claimant's treating physician, so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (internal quotation marks omitted) (alteration in original) (quoting 20 C.F.R. § 404.1527(d)(2) (2007)).[1] If the treating physician's opinion is not well-supported or is contradicted by substantial evidence, then "the ALJ must articulate 'good reasons' to rebut the presumption of controlling deference conferred on the treating physician's opinion." *Colgan v. Kijakazi*, 22 F.4th 353, 360 (2d Cir. 2022). Additionally, the ALJ

> must determine how much weight, if any, to give it. In doing so, it must explicitly consider the following, nonexclusive *Burgess* factors: (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist. . . .
> An ALJ's failure to explicitly apply the *Burgess* factors when assigning weight . . . is a procedural error. . . . If, however, a searching review of the record assures us that the substance of the treating physician rule was not traversed, we will affirm.

*Estrella v. Berryhill*, 925 F.3d 90, 95–96 (2d Cir. 2019) (internal quotation marks, alterations, and citations omitted); *see also Burgess*, 537 F.3d at 129 (citing 20 C.F.R. § 404.1527(d)(2) (2007)).

Hamilton challenges the ALJ's assignment of "little weight" to the opinion of Dr. Edward Mehrhof ("Dr. Mehrhof"). *See* A-17. As an initial matter, Hamilton did not forfeit this argument because, even assuming a different emphasis on appeal, she advanced the legal argument before the district court that the ALJ erred in assigning little weight to Dr. Mehrhof's opinion.

---

[1] Because Hamilton filed her claim before March 27, 2017, the older regulations for claims filed before that date apply. *See* 20 C.F.R. § 404.1527.

*See* A-54; *see also Estrella*, 925 F.3d at 97 n.1 (explaining that this Court will review factual arguments in support of a preserved claim of legal error, even where those factual arguments were not raised before the district court). Accordingly, we consider her argument on the merits.

As to the merits, Hamilton argues that the ALJ's failure to discuss the *Burgess* factors requires remand to the agency. We agree. The ALJ failed to discuss the frequency, length, nature, and extent of treatment that Hamilton received from Dr. Mehrhof, or the amount of medical evidence supporting the opinion. We cannot be confident, moreover, that notwithstanding this procedural error, the substance of the treating physician rule was not traversed. Hamilton saw Dr. Mehrhof on a monthly basis between August 2016 and March 2019, for a total of 33 appointments. The record also contains a May 2017 medical source statement from Dr. Mehrhof, synthesizing his observations from prior appointments. In the absence of any evaluation of this evidence by the ALJ, we cannot confidently conclude that the agency would have reached the same determination as to how much weight to afford Dr. Mehrhof's opinion if all of the *Burgess* factors had been taken into account. Indeed, it is generally the consideration of these factors in a systematic manner that affords us the assurance that the ALJ has given careful and full consideration to the record.[2]

---

[2] The ALJ similarly failed to consider relevant factors in the treatment of the opinion of licensed clinical social worker Maureen Kiely ("Kiely"). *See* 20 C.F.R. § 404.1527(f) (explaining that the adjudicator considers the same factors when assigning weight to a nonmedical opinion as to a medical opinion from a non-treating source); *id.* § 404.1527(c) (listing those factors). The ALJ failed to explain her rationale for assigning great weight to Kiely's opinion despite: (1) Kiely's status as a nonmedical source; (2) the absence from the administrative record of any other notes from Kiely; and (3) the fact that most of Kiely's interactions with Hamilton occurred before Hamilton's alleged onset date of July 8, 2016. *See* A-17. We express no view as to the ultimate weight to be assigned this non-treating source, observing only that the agency on remand should consider the applicable factors in considering this evidence.

Because the ALJ failed to discuss the *Burgess* factors in evaluating Dr. Mehrhof's opinion, leaving us without confidence that the substance of the treating physician rule was observed, we **VACATE** the judgment of the district court, and **REMAND** to the district court with instructions to remand to the Commissioner for further proceedings consistent with this order. In light of the deficiencies in the ALJ's analysis of the weight to be afforded the opinion of Dr. Mehrhof, we do not address Hamilton's additional arguments, including the question whether the ALJ's decision not to give controlling weight to Dr. Mehrhof's diagnoses was supported by substantial evidence.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5