21-100-cv
*Castorina v. Kijakazi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of June, two thousand twenty-three.

Present:
>            DEBRA ANN LIVINGSTON,
>                 *Chief Judge*,
>            GUIDO CALABRESI,
>            GERARD E. LYNCH,
>                 *Circuit Judges*.

_____

KRISTINE CASTORINA,[*]

>            *Plaintiff-Appellant*,

>            v.                                                        21-100-cv

KILOLO KIJAKAZI, Acting Commissioner, Social
Security Administration,

>            *Defendant-Appellee*.

_____

For Plaintiff-Appellant:          JONATHAN ROMBERG and EDWIN ADLAM HEROD (Bryan Castro and Aditi Padmanabhan, *on the brief*), Seton Hall University School of Law, Center for Social Justice, Newark, NJ.

---

[*] We direct the Clerk of Court to amend the caption as noted.

For Defendant-Appellee:                    JOSEPH A. PANTOJA, Assistant United States Attorney (Benjamin H. Torrance, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Nathan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** to the district court with instructions to remand the matter to the Commissioner for further proceedings not inconsistent with this order.

Alfred Castorina ("Castorina") first applied for Social Security Disability Insurance ("SSDI") in 2004. In 2019, after the Commissioner of the Social Security Administration ("the Commissioner") upheld the latest of four decisions by an administrative law judge ("ALJ") denying his application for SSDI, Castorina sued the Commissioner in the United States District Court for the Southern District of New York (Nathan, *J.*). Plaintiff-Appellant Kristine Castorina[1] now appeals from the November 18, 2020 order of the district court granting the Commissioner's motion for judgment on the pleadings. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*       \*       \*

We review a district court's judgment on the pleadings *de novo. Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003). When reviewing a disability determination, the "focus is not so much on the district court's ruling as it is on the administrative ruling." *Id.* (internal quotation

---

[1] On January 18, 2022, while this appeal was pending, Alfred Castorina died. Pursuant to Rule 43(a)(1) of the Federal Rules of Appellate Procedure, we grant the motion to substitute Kristine Castorina for Alfred Castorina as the party to this appeal.

marks and citation omitted). We review the administrative record "to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

Under the treating physician rule, an ALJ must give "controlling weight" to the opinion of a claimant's treating physician, so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (internal quotation marks omitted) (alteration in original) (quoting 20 C.F.R. § 404.1527(d)(2) (2007)).[2] If the treating physician's opinion is not well-supported or is contradicted by substantial evidence, then "the ALJ must articulate 'good reasons' to rebut the presumption of controlling deference conferred on the treating physician's opinion." *Colgan v. Kijakazi*, 22 F.4th 353, 360 (2d Cir. 2022). The ALJ must then determine how much weight, if any, to give the treating physician's opinion. *Estrella v. Berryhill*, 925 F.3d 90, 95–96 (2d Cir. 2019). "In doing so, it must explicitly consider the following, nonexclusive *Burgess* factors: (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Id.* (internal quotation marks, alteration, and citation omitted). "An ALJ's failure to explicitly apply the *Burgess* factors when assigning weight . . . is a procedural error. . . . If, however, a searching review of the record assures us that the substance of the treating physician rule was not traversed, we will affirm." *Id.* at 96 (internal quotation marks and citations omitted).

---

[2] Because Castorina filed his claim before March 27, 2017, the older regulations for claims filed before that date apply. *See* 20 C.F.R. § 404.1527.

Plaintiff-Appellant contends that the ALJ erred in her application of the treating physician rule. Specifically, Plaintiff-Appellant contends that Dr. Gabriel Dassa ("Dr. Dassa") was Castorina's treating physician, and that because Dr. Dassa's opinions were well-supported and not inconsistent with substantial evidence in the record, *see generally* Administrative Record, *Castorina v. Berryhill*, No. 19-cv-991 (S.D.N.Y. July 25, 2019), Dist. Ct. ECF No. 11 (hereinafter "R. __"), the ALJ should have given them controlling weight. In the alternative, assuming that Dr. Dassa's opinions were not entitled to controlling weight, Plaintiff-Appellant contends that the ALJ's failure to explicitly apply the *Burgess* factors requires remand to the agency. We conclude that the ALJ did not err in declining to give Dr. Dassa's opinions controlling weight, but we agree with Plaintiff-Appellant that the ALJ's procedural error in failing to discuss the *Burgess* factors merits remand.

To begin, Dr. Dassa was Castorina's treating physician for at least the period from September 2009 to December 2010, when he saw Castorina on a near-monthly basis. *See* R. 346–76, 398–401; *see also* 20 C.F.R. § 404.1527(a)(2) (defining "treating source"). Dr. Dassa's treatment notes from this period contain statements that, for example, Castorina's "[d]isability [s]tatus" was "[t]otal," R. 353, and Castorina was "totally disabled from work," R. 399. However, the ALJ articulated good reasons to rebut the presumption of controlling deference that would otherwise be appropriate for Dr. Dassa's opinions. In particular, the ALJ reasonably concluded that Dr. Dassa's opinions were inconsistent with other substantial evidence in the record, such as Dr. Dassa's own progress notes. *See* A12. For example, Castorina's disability claim was largely based on his left hip impairment, which manifested in December 2008. But Dr. Dassa's June 2009 opinion does not even mention this impairment, nor did Dr. Dassa make but the sparest of references to it in his treatment notes from 2009 to 2010. *See* R. 339–76, 398–401.

4

Accordingly, we conclude that the ALJ gave good reasons for choosing to discount, to some degree, Dr. Dassa's opinions.

Having articulated good reasons to rebut the presumption of controlling deference, however, the ALJ should have applied the *Burgess* factors to determine what weight, if any, to give Dr. Dassa's opinions. *Estrella*, 925 F.3d at 95–96. Her failure to do so was a procedural error, and on review, we cannot be confident that the substance of the treating physician rule was not traversed. The ALJ discussed neither the frequency, length, nature, and extent of treatment that Castorina received from Dr. Dassa, nor any significance of the fact that Dr. Dassa was an orthopedic surgeon with specialties in the hands, wrists, and upper extremities. The ALJ *did* consider the remaining two factors, implicitly finding Dr. Dassa's opinions to be unsupported by medical evidence and noting that they were contradicted by the remaining evidence.[3] *See* A12. But given, particularly, the extensive treating relationship between Castorina and Dr. Dassa, we cannot be certain that upon undertaking a more comprehensive application of the *Burgess* factors, the ALJ would have still granted Dr. Dassa's opinion "little weight." A12. Accordingly, we conclude that the ALJ's failure to explicitly apply the *Burgess* factors was a procedural error that warrants remand.[4] We therefore **VACATE** the judgment of the district court, and **REMAND** to

---

[3] We also express uncertainty as to the ALJ's relatively cursory conclusion that "Dr. Dassa's opinion is . . . inconsistent with Dr. Cobelli's opinion," given that Dr. Dassa's and Dr. Cobelli's findings appear to have addressed different areas of concern. A12; *compare* R. 320–21 (Dr. Cobelli's March 2009 notes, addressing the condition of Castorina's shoulders, hips, and knees), *with* R. 339–42 (Dr. Dassa's June 2009 notes, addressing the condition of Castorina's spine, shoulders, wrists, and hands).

[4] In light of this determination, we do not address Plaintiff-Appellant's additional arguments, pertaining to the ALJ's treatment of the medical opinion and evidence from Dr. Tranese; the ALJ's consideration of Castorina's hand and wrist impairments, or his need for prescription pain medication; and the ALJ's duty to develop the record with respect to Castorina's hip impairment.

the district court with instructions to remand to the Commissioner for further proceedings not inconsistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
